**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| EREN NEWTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 1:19-cv-4235 |
| | ) |
| INDIANA LIMESTONE | ) |
| ACQUISITION, LLC, | ) |
| | ) |
| Defendant. | ) |

## I.  COMPLAINT AND DEMAND FOR JURY TRIAL

1.      Plaintiff, Eren Newton (hereafter "Newton"), brings this action against Defendant, Indiana Limestone Acquisition, LLC (hereafter "Defendant"), pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended.

## II.  PARTIES

2.      At all times relevant to this action, Newton resided within the Southern District of Indiana.

3.      At all times relevant to this action, Defendant maintained offices and conducted business within the Southern District of Indiana.

## III.  JURISDICTION AND VENUE

4.      Jurisdiction is conferred on this Court by 28 U.S.C. § 1331; 42 U.S.C. § 1988; and 42 U.S.C. § 2000e-5(f)(3).

5.      At all times relevant to this action, Kramp was an "employee" as that term is defined by 42 U.S.C. § 2000e(b).

6.    Defendant is an "employer" as that term is defined by 29 U.S.C. § 630(f).

7.    Newton satisfied her obligations to exhaust her administrative remedies, having timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). The EEOC issued a right-to-sue notice to Kramp. She now timely files her lawsuit.

8.    All of the events, transactions, and occurrences pertinent to this lawsuit have occurred within the geographical environs of the Southern District of Indiana and all parties are located therein. Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## IV.  FACTUAL ALLEGATIONS

9.    Newton was employed by Defendant as a line worker.

10.    Throughout her employment, Newton was the only female line worker employed by the Defendant.

11.    Throughout her employment with the Defendant, Newton was subjected to disparate treatment and a hostile work environment because of her sex. By way of non-limiting example, Newton was subjected to lewd language and constant insults and negativity from her male, peers supervisors.

12.    Newton complained to Defendant about the harassment she was experiencing on the basis of her sex. Defendant took no actions to address Newton's complaints.

13.    Similarly situated male employees were treated more favorably by the Defendant and were given preferential terms and conditions of employment in comparison to Newton.

14.    In or about May 2019, Defendant terminated Newton. On information and belief, Defendant terminated Newton because of her sex and because she had engaged in statutorily protected activity.

15.    Defendant terminated Newton because of her sex and/or age.

16.    Defendant's treatment of Newton constituted unlawful discrimination. All other reasons given by the Defendant for its actions are pretext.

17.    Newton has suffered and continues to suffer damages as a result of the Defendant's actions.

## V.  CAUSES OF ACTION

### COUNT ONE: VIOLATION OF TITLE VII- RETALIATION

18.    Newton hereby incorporates paragraphs one (1) through twenty (17) of her Complaint.

19.    Defendant took unlawful employment actions against Kramp because she had complained of sex discrimination

20.    Defendant afforded more favorable treatment to Kramp's similarly situated individuals that had not complained of sex discrimination.

21.    Defendant's actions were intentional, willful and in reckless disregard of Kramp's rights as protected by the Title VII.

22.    Newton has suffered harm as a result of Defendant's unlawful actions.

### COUNT TWO: VIOLATION OF TITLE VII - DISCRIMINATION

23.    Newton hereby incorporates paragraphs one (1) through twenty-five (22) of her Complaint.

24.    Defendant took unlawful employment actions, including termination, against Newton based on her sex.

25.    Defendant's actions were intentional, willful and in reckless disregard of

3

Newton's rights as protected by the Title VII.

26.    Newton has suffered harm as a result of Defendant's unlawful actions.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Eren Newton, respectfully requests that this Court enter judgment in her favor as follows:

1.    Find and hold that Newton has suffered from Defendant's acts of unlawful discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended;

2.    Order Defendant to pay Newton all wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

3.    Order Defendant to reinstate and/or hire Newton or pay Newton front pay in lieu thereof;

4.    Order Defendant to pay compensatory and punitive damages to Newton;

5.    Order Defendant to pay to Newton all costs and attorney's fees incurred as a result of her bringing this action;

6.    Order Defendant to pay to Newton pre- and post-judgment interest on all sums recoverable, and;

7.    Award all other relief that is just and proper.

Respectfully submitted,


*s/ John H. Haskin*
John H. Haskin, Attorney No. 7576-49


*s/ Keenan D. Wilson*
Keenan D. Wilson, Attorney No. 32195-49


Attorneys for Plaintiff
Eren Newton

JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana  46204
Telephone:    (317)955-9500
Facsimile:    (317)955-2570
Email:    jhaskin@jhaskinlaw.com
    kwilson@jhaskinlaw.com


## DEMAND FOR JURY TRIAL

Plaintiff, Eren Newton, by counsel, respectfully requests a jury trial for all issues deemed triable.

Respectfully submitted,


*s/ John H. Haskin*
John H. Haskin, Attorney No. 7576-49

5